OPINION AND JOURNAL ENTRY
{¶ 1} Applicant, Melvin Hughes, has filed an application for reopening pursuant to App.R. 26(B). Hughes is attempting to reopen the appellate judgment that was rendered in State v.Hughes, Mahoning App. No. 02 CA 15, 2003-Ohio-6094, which affirmed his conviction for the offense of aggravated murder with a life specification and aggravated burglary. Because Hughes has merely restated the arguments made in his original appeal, we decline to reopen Hughes' original appeal.
 {¶ 2} On direct appeal, Hughes' attorney argued the following assignments of error:
 {¶ 3} "The trial court erred when it denied Defendant's Rule 33 Motion for a New Trial on the basis that a juror, who having been convicted of a felony, failed to inform the court and was incompetent to sit as a juror pursuant to R.C. 2961.01."
 {¶ 4} "The trial court when it denied Defendant's Rule 33 Motion for New Trial on the basis that a juror who had physical disabilities and was in fear of prosecution was unable to deliberate to the prejudice of the Defendant, denying Defendant's right to a fair and impartial panel of jurors guaranteed under the Sixth Amendment of the United States Constitution and Section 10, Article 1, of the Ohio State Constitution."
 {¶ 5} Interestingly, Hughes now asks this court to reopen his appeal based upon the fact that his original attorney failed to make these very arguments. Hughes maintains these assignments of error were never thoroughly nor competently presented. Basically, all Hughes has done with his motion to reopen is cite additional authorities in support of these arguments and elaborate upon the theories already presented by his original counsel. With regard to these assignments of error, this court extensively reviewed the record and analyzed the controlling authority on direct appeal despite what Hughes now claims.
 {¶ 6} In essence, Hughes has presented this court with a motion for reconsideration. Pursuant to App.R. 26, an application for reconsideration "shall be made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is the later." In this case, Hughes filed his motion nearly three months after the journalization of our entry.
 {¶ 7} Accordingly, we conclude that Hughes' motion is untimely and his application is denied.
Waite, P.J., Vukovich and DeGenaro, JJ., concur.